**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**FORD MOTOR CREDIT COMPANY, Defendant.**

**Civ. No. 2003.**

United States District Court
W. D. North Carolina,
Charlotte Division.

Oct. 28, 1965.

Charles Donahue, Sol., Beverley R. Worrell, Regional Atty., and Anthony B. Cuviello, Atty., U. S. Department of Labor, Atlanta, Ga., for plaintiff.

Robert W. Bradshaw, Jr., Charlotte, N. C., for defendant.

CRAVEN, Chief Judge.

This is an action brought by the Secretary of the United States Department of Labor seeking to enjoin Ford Motor Credit Company from violating provisions of the Fair Labor Standards Act, as amended, Title 29 U.S.C.A. §§ 201–219, and to restrain Ford from withholding payment of minimum wage and overtime compensation allegedly due employees under the Act. Jurisdiction is conferred by 29 U.S.C.A. § 217.

Ford is engaged in the automotive finance business with approximately 130 branch offices located throughout the United States. The Secretary of Labor has alleged against Ford a course of conduct or pattern of violations of the Fair Labor Standards Act, allegedly carried out on a nationwide basis, and which he seeks to have restrained on a nationwide basis. Specifically named in this action are only the branch offices of Ford in Greensboro and Charlotte, North Carolina, and Jacksonville and Tampa, Florida.

The case is presently before this court on Ford's motion for severance of claims and change of venue under Federal Rules of Civil Procedure 42(b) [1] and 28 U.S. C.A. § 1404(a) [2] respectively. It seeks to have the claims arising out of its Greensboro, North Carolina, branch transferred to the Middle District of North Carolina; those arising out of its Jacksonville, Florida, branch transferred to the Middle District of Florida, Jacksonville Division; and those arising out of its Tampa, Florida, branch transferred to the Middle District of Florida, Tampa Division. A motion under Section 1404(a) is addressed to the discretion of the trial judge. 1 Barron & Holtzoff, Federal Practice and Procedure, Section 86.3.

To grant Ford's motion here would result in four trials instead of one. Plaintiff traditionally has the privilege of choosing his forum: "A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 28 U.S.C.A. § 1391(c).

On Ford's side is its own convenience argument and the expense it will incur by having to bring witnesses and records to Charlotte, North Carolina. Eight claims originate in North Carolina and nineteen in Florida. The inconvenience to Ford does not outweigh, in my opinion, the advantage of one trial instead of multiple trials.

Ford's motion for severance and change of venue is denied.

1. F.R.Civ.P. 42(b) provides: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues."

2. 28 U.S.C.A. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."